UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 4:17-CV-2409 RLW |
| ) | |
| v. ) | |
| ) | |
| FORTY-FOUR THOUSAND DOLLARS, ) | |
| ($44,000.00 U.S. Currency), ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ROBERT PAULI, III, ) | |
| ) | |
| Claimant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Claimant Robert Pauli's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 7) and Claimant Robert Pauli's Motion to Dismiss or Enjoin the Department of Justice from Prosecuting this Forfeiture Case (ECF No. 9). These matters are fully briefed and ready for disposition.

## BACKGROUND[1]

This is an *in rem* civil action where the United States seeks forfeiture of $44,000.00. which is currently in the possession and custody of the United States pursuant to 21 U.S.C. §881. (Complaint, ECF No. 1, ¶1). On May 3, 2017, the United States Drug Enforcement Administration seized $44,000 in U.S. currency from Robert Pauli, III ("Pauli"). On that date,

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

DEA investigators were conducting drug interdiction investigations at Lambert-St. Louis International Airport at a gate with a flight destined for Los Angeles, California. (Complaint, ¶7). DEA investigators identified Pauli, who agreed to a consensual interview. (Complaint, ¶8). Pauli gave inconsistent answers regarding his purpose for travel. (Complaint, ¶8). Investigators obtained consent to search Pauli's case. It contained a "bong" used for smoking marijuana that Pauli valued at $10,000 and smelled of burnt marijuana. (Complaint, ¶9). Investigators asked Pauli if he was carrying any illegal drugs, weapons or large amounts of U.S. currency. Pauli again gave inconsistent answers and stated that he had $4,000 or $5,000 inside his carry-on bags. (Complaint, ¶10). Pauli consented to a search and the investigators found concealed U.S. currency and smelled marijuana. (*Id.*) Pauli then changed his story and said he was traveling to California to do "drops" for the bong-making business that he shares with his father. (Complaint, ¶11). Pauli was unable to provide any proof of that business and made inconsistent statements regarding the nature and ownership of the business. (Complaint, ¶¶11-12). Investigators learned that Pauli checked a black suitcase. Pauli consented to a search of the black suitcase and the investigators found four manila envelopes containing $44,000 in U.S. currency, including smaller denominations ($20) that are the most common denominations in drug trafficking. (Complaint, ¶¶13-16). Pauli had multiple arrests for marijuana, including an arrest in 2014 by the Drug Enforcement Administration-St. Louis Division for conspiracy to possess with the intent to distribute marijuana. (Complaint, ¶17).

## DISCUSSION

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pauli asserts in his Motion that this Court lacks subject matter jurisdiction. Pauli "believes and therefore alleges that the four law enforcement officers were state officers" who

were assigned to a DEA task force pursuant to the DEA's State and Local Task Force Program. (ECF No. 7, ¶2). Pauli argues that the State of Missouri has a statute that precludes the transfer of property seized by the state or local agency to any federal agency for forfeiture under federal law. (ECF No. 7, ¶¶4-9). Pauli argues that "the state law enforcement officers first seized the defendant currency for forfeiture and then turned it over to federal authorities in violation of state law." (ECF No. 7, ¶11). Therefore, Pauli argues that this Court lacks subject matter jurisdiction and this case should be dismissed.

The Verified Complaint clearly alleges that a DEA agent seized the defendant property. (Complaint, ¶¶5, 7). At this stage of the litigation, the Court must assume that the seizure was performed by a DEA agent and not local law enforcement. Indeed, the Report of Investigation regarding the seizure states that a Special Agent of the DEA located and seized the defendant property. (ECF No. 8-1). "Under federal law, federal courts have exclusive original jurisdiction over federal seizures." *In re Seizure Warrant for $374,100 in U.S. Currency in Custody of Kansas City Police Dep't*, 825 F. Supp. 2d 1002, 1004 (W.D. Mo. 2011) (quoting 28 U.S.C. §§ 1355 and 1356). Because the Complaint alleges that DEA agents made the seizure and the DEA report supports this fact, the Court denies the Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### B. Motion to Dismiss or Enjoin Prosecution of this Case

1. Standard of Review

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S 544, 570 (2007). A "formulaic recitation of the elements of a cause of

action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).[2]

2. Discussion

Pauli argues that the Court should dismiss this action or enjoin the Department of Justice from prosecuting this civil forfeiture. (ECF No. 9). Pauli argues that civil forfeiture is barred because he was in possession of a medical marijuana card issued by the State of California at the time of the seizure. Pauli argues that the seizure was barred by the Rohrabacher-Farr Amendment (referred to herein as "§542"),[3] which he contends is "federal legislation ... prohibiting the Justice Department from spending funds to interfere with the implementation of state medical cannabis laws." (ECF No. 9, ¶4). Pauli contends that the United States is spending

---

[2]"The court need not hold a hearing on a petition if it is clear that the petitioner 'could not prevail even if [a hearing] were granted.'" *United States v. Sigillito*, 938 F. Supp. 2d 877, 884 (E.D. Mo. 2013) (quoting *United States v. White*, 675 F.3d 1073, 1081 (8th Cir. 2012)).

[3] The Court refers to the Rochrabacher-Farr Amendment as §542 as other courts have also done:

> Since December 16, 2014, congressional appropriations riders have prohibited the use of any DOJ funds that prevent states with medical marijuana programs (including California) from implementing their state medical marijuana laws. Consolidated and Further Continuing Appropriations Act, 2015, 128 Stat. at 2217; Consolidated Appropriations Act, 2016, Pub. L. No. 114–113, § 542, 129 Stat. 2242, 2332–33 (2015); Consolidated Appropriations Act, 2017, Pub. L. No. 115-31, § 537, 131 Stat. 135, 228 (2017). All of these riders are "essentially the same," *see United States v. Nixon*, 839 F.3d 885, 887 (9th Cir. 2016) (per curiam), and the current rider will remain in effect until at least September 30, 2017. *See* Consolidated Appropriations Act, 2017, 131 Stat. at 135. In this opinion we refer to the riders collectively as § 542.

*United States v. Kleinman*, 859 F.3d 825, 831 (9th Cir.), *opinion withdrawn and superseded on reh'g*, 880 F.3d 1020 (9th Cir. 2017).

funds that have not been approved in violation of the Appropriations Clause of the Constitution. (ECF No. 9, ¶5).

The Court holds that Pauli's argument is meritless. Section 542 is irrelevant to Pauli, despite his medical marijuana card.[4] Even if the Court assumes that Pauli had a legitimate medical marijuana card, medical marijuana laws do not permit drug trafficking. Here, the Complaint sets forth allegations that demonstrate Pauli was engaged in marijuana trafficking: (1) Pauli provided inconsistent reasons for traveling, (2) his personal items smelled of marijuana and contained a $10,000 bong, (3) his carry-on bag contained concealed U.S. currency and smelled of marijuana, (4) his U.S. currency was in smaller denominations, which is indicative of drug trafficking, (5) a canine alerted to Pauli's bags and the U.S. currency for the presence of an odor of controlled substances, (6) the seized funds consisted of approximately 88% of Pauli's alleged gross earnings, suggesting that the currency was illegitimate income derived from Pauli's marijuana trafficking, and (7) Pauli was previously investigated by the DEA for drug trafficking. *See* ECF No. 13 at 8. In addition, the DEA report further states that Pauli was a resident of Missouri, the circumstances of the canine alert, Pauli's shifting story regarding the reason for his travel, Pauli's incongruous explanations regarding his property, his separately booked departing and returning flights, and Pauli's previous identification during a DEA Title III wire investigation for marijuana drug trafficking.

---

[4] It seems unlikely that Pauli had a valid medical marijuana card. At the time of the seizure, Pauli was a Missouri resident and Missouri does not permit the use of marijuana. *See United States v. Davis*, No. 4:16CR495 CDP/NCC, 2017 WL 2703863, at *3 (E.D. Mo. May 24, 2017), *report and recommendation adopted*, No. 4:16 CR 495 CDP, 2017 WL 2691813 (E.D. Mo. June 22, 2017) (noting that Missouri does not have medical marijuana laws and, therefore, the prosecution of the defendant was "permissible ... and the restrictions on the government as to § 542 do not apply to his case.").

Accordingly, the Court holds that the Complaint (together or without the DEA report) provides a sufficient basis to find the government states a claim in this forfeiture action. The Complaint alleges a connection between the defendant property and a drug offense. As outlined above, the government has stated detailed facts to support a reasonable belief that it will be able to meet its burden of proof at trial. *United States v. Seventeen Thousand Dollars ($17,000.00) U.S. Currency*, No. 4:10CV1627-CDP, 2011 WL 530210, at *2 (E.D. Mo. Feb. 8, 2011). The Court denies the Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Claimant Robert Pauli's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 7) and Claimant Robert Pauli's Motion to Dismiss or Enjoin the Department of Justice from Prosecuting this Forfeiture Case (ECF No. 9) are **DENIED**.

Dated this 27th day of July, 2018.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**